No. 2726½

Second Circuit

## DILLON v. BURGIN

(December 11, 1926. Opinion and Decree.)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Sequestration—Par. 1.

The sequestration of movable property under Article 163 of the Code of Practice is a personal action in which the sequestration is merely an incident.

2. Louisiana Digest—Prescription—Par. 89; Sequestration—Par. 22, 34.

The privilege provided by Act No. 5 of 1924 amending Act No. 82 of 1916 in favor of garage and automobile repair men prescribes three months from the date of making repairs. Therefore a sequestration after three months is wrongfully issued.

3. Louisiana Digest—Sequestration—Par. 30.

A writ of sequestration is merely ancillary to the demand for judgment and the dissolution of the writ does not affect the principal demand.

Appeal from the Seventh Judicial District Court of Louisiana. Parish of Concordia. Hon. R. M. Taliaferro, Judge.

Action by George L. Dillon against John P. Burgin. A writ of sequestration was issued. There was judgment dissolving the writ of sequestration and plaintiff appealed.

Judgment affirmed.

C. P. Bullis, of Vidalia, attorney for plaintiff, appellant.

Dale & Dale, of Vidalia, attorney for defendant, appellee.

WEBB, J. The plaintiff, George L. Dillon, a mechanic residing at Natchez, Mississippi, owning and operating a machine shop at Ferriday, Concordia parish, Louisiana, instituted this action in the Seventh Judicial District Court for the parish of Concordia, Louisiana, against John P. Burgin, a resident of the parish of East Baton Rouge, Louisiana, in which he seeks to obtain judgment for a balance alleged to be due by defendant to plaintiff as shown by itemized account attached to the petition.

Plaintiff alleges that the amount due is for labor and repairs performed and made by him on an oil engine, centrifugal pump and air compressor which at the time were situated on a plantation in the parish of Concordia belonging to the defendant where the machinery remained until a short time prior to the suit when it was removed to Gibson Landing on the Mississippi river; that he has a privilege on the machinery for his labor and repairs and that he fears the defendant will conceal, part with or dispose of the machinery during the pendency of the suit, it being within the power of the defendant so to do, and that it is necessary that the machinery be sequestered in order to protect plaintiff's rights.

He prays for the issuance of a writ of sequestration and the seizure of the machinery, for process on Burgin and for judgment against him in the amount alleged to be due, with interest and costs, and that plaintiff's privilege on the machinery be recognized and the machinery be sold and the proceeds applied to the payment of plaintiff's claim.

The writ was issued and the machinery described in the petition was seized in the

parish of Concordia by the sheriff of that parish and process was issued and together with notice of seizure was served on the defendant John P. Burgin in the parish of East Baton Rouge by the sheriff of that parish.

The defendant appeared by counsel and pleaded the prescription of three months under Act No. 5 of 1924, and subsequently he moved to dissolve the writ of sequestration on the grounds that the affidavit upon which the writ was issued was false and untrue; that defendant was not indebted to plaintiff in any amount; that the claim was for. the work and repairs done for the account of John P. Burgin, Inc.; that the work done on the machinery was for less than two hundred dollars and had been paid by John P. Burgin & Son, Inc.; and that the account attached to the petition shows on its face that the claim was not for labor and repairs on the machinery sequestered.

Appearer alleged that he was the owner of the machinery seized, and that he had been forced to employ attorneys to dissolve the writ, and reconvened for judgment against plaintiff.

The defendant subsequently bonded the property seized.

John P. Burgin & Son, Inc., filed a petition of intervention in which the allegations of plaintiff were denied, and they alleged that any indebtedness due plaintiff was due by the intervenor, but that no amount was due, same having been paid.

The plaintiff filed a rule against defendant to show cause why the motion to dissolve should not be considered as an answer, which motion does not appear to have been acted on; the minutes of the court show, however, that the motion to dissolve was fixed for trial and that on trial evidence was introduced and judgment rendered sustaining the plea of prescription and dismissing plaintiff's suit; from which judgment plaintiff appeals.

The record contains the note of evidence and the certificate of the clerk of court attached to the record is regular in form.

The defendant has answered the appeal, praying that the judgment be amended so as to award him judgment on his reconventional demand.

### OPINION.

Counsel for defendant apparently contends that the action is in rem and authorized under Article 163 C. P. However, we are of the opinion that it is a personal action in which the issuance of the writ and sequestration of defendant's property was merely an incident. The suit, it is true, was instituted before a court which did · not have jurisdiction rationae personae, but the defendant appeared and submitted himself to the jurisdiction, and clearly he had the right so to do.

The plaintiff urges that the judgment should be reversed and the cause remanded for trial on the motion to dissolve, and in due course on the merits, contending that the plea of prescription filed by defendant was improperly considered and wrongfully sustained.

The attention of the court was not directed to the error (if such it was) of its having considered the plea of prescription on the trial of the motion to dissolve, and this being the case it may be presumed that the plea was submitted at the same time and on the evidence introduced on the motion to dissolve.

The plea of prescription ordinarily goes to the merits, but such was not the case here, as the plea filed in the present instance merely relates to the prescription of the privilege and not the debt, and although it was not incorporated in the motion to dissolve, we are of the opinion that it could have been so incorporated, and certainly the plea not going to the merits it could be taken up and considered prior to the trial on the merits, and assuming in view of the fact that the record does not show plaintiff made any objection or suggested to the court the alleged error, we are of the opinion that we should also consider the plea at this time in connection with the evidence introduced.

We find that the evidence establishes facts from which the privilege provided by Act No. 5 of 1924 amending Act No. 82 of 1916 attached to the property sequestered, and also that the facts established show that the privilege had prescribed.

From this it follows that plaintiff's plea of prescription was properly sustained and that the writ of sequestration falls; but considering that the defendant has not urged the allowance of attorney's fees in event the dissolution of the writ is based upon the plea of prescription wherein attorney's fees were not claimed, we shall in this respect follow the decree of the lower court.

The plaintiff, as stated, submitted himself to the jurisdiction of the court, the sequestration was merely ancillary to the demand for judgment, and the dissolution of the writ does not affect the principal demand.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, and it is further ordered, adjudged and decreed that the plea of prescription filed by defendant be sustained and the writ of sequestration dissolved, and that the cause be remanded for further proceedings as herein indicated and according to law.